IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MONICA WINN,** | )( | Civil Action No.: 4:20-cv-3662 |
| | )( | **(Jury Trial)** |
| *Plaintiff,* | )( | |
| | )( | |
| **V.** | )( | |
| | )( | |
| **BRUNSWICK CORPORATION,** | )( | |
| **FREEDOM BOAT CLUB, LLC, and** | )( | |
| **GOIN' COASTAL LLC,** | )( | |
| | )( | |
| *Defendants.* | )( | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES Plaintiff MONICA WINN complaining of BRUNSWICK CORPORATION, FREEDOM BOAT CLUB, LLC, and GOIN' COASTAL LLC, and will show the Court the following:

## NUTSHELL

1. Monica Winn, an African American nurse, bought a membership to a boat club from Goin' Coastal LLC of Houston, Texas with reciprocity to use boats at Freedom Boat Clubs throughout the United States. David Hearne, a white Caucasian manager, who referred to himself as an owner, harassed Monica's African American boat guests and then plotted to cancel the membership of "Negro" Monica for complaining about his behavior. Monica complained to the corporate offices of Freedom Boat Club, LLC. Freedom Boat Club, LLC instructed Monica not to use her membership in Galveston which is the location she wanted to use. Plaintiff sues under 42 USC Section 1981, 1983 and state law.

## JURISDICTION AND VENUE

2. This action arises under the United States Constitution, particularly the Fourteenth Amendment and subsequent remedial legislation enacted pursuant thereto as codified in 42 U.S.C. § 1981, 1983, 1988, and 2000a to a(6).

3. Venue is proper in the Southern District of Texas because of the acts giving rise to Plaintiff's claims occurred in this District.

4. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331, 1332(a), 1343, and 42 U.S.C. § 1981, 1988, and 2000a to a(6).

## PARTIES

5. Plaintiff Monica Winn is a resident of Brazoria County, Texas.

6. Defendant Brunswick Corporation is an Illinois Corporation authorized to do business in Texas with its principal corporate offices located 1 N. Field Ct., Lake Forest, Lake County, IL and can be served with process by serving its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

7. Defendant Freedom Boat Club, LLC is Florida Corporation with its main office at 897 E. Venice Avenue, Venice, FL 34285 and can be served with process by serving its President John Giglio at 897 E. Venice Avenue, Venice, FL 34285. Defendant Freedom Boat Club, LLC, is owned by Defendant Brunswick Corporation.

8. Defendant Goin' Coastal LLC, 957 NASA Parkway #202, Houston, Texas 77058-3039. d/b/a Freedom Boat Club can be served by serving its registered agent Van Thu Nguyen at 957

NASA Parkway #202, Houston, Texas 77058-3039

## ADDITIONAL FACTS

9. Monica Winn, 48, is an African American and registered nurse working in the home healthcare business.

10. Monica purchased a boat club membership July 17, 2020 from Goin' Coastal LLC, 957 NASA Parkway, Houston, Texas, d/b/a Freedom Boat Club of Galveston (FBC-Galveston). The membership allowed Monica to use any one of a number of boats docked at the Galveston location.

11. David Hearne claims to be an owner of Goin' Coastal LLC. David Hearne previously worked at the Freedom Boat Club in Houston (Clear Lake), Texas.

12. Neither Monica, not her guests, have ever violated any rules of the Freedom Boat Club.

13. Monica reserved a Pontoon boat around 2:00 PM, September 6, 2020 with 7 guests initially boarding, two of her guests were arriving later around 4 PM. Mr. Hearne was not at the dock when Monica's first guest arrived and there was no incident. When Monica returned to the dock to pick up her two later guests Mr. Hearne was standing at the dock.

14. Three of Monica's guests got off the boat to use the restroom and the two later guests boarded the boat. Mr. Hearne approached the vessel and stood in the exit of the Pontoon boat, so no one could depart or reboard and became was very aggressive with one of her guests, an African American man. Hearne began scolding the guest and speaking in a condescending tone about Monica's guest having liquor on the boat, which is not against club rules; walking on to the Marina while holding a beer in their hand, which is not against any rules and, furthermore, many white patrons were holding alcoholic drinks at the marina and nothing was said to them.

15. Hearne kept insisting that Monica's rented boat would get boarded by the Coast Guard and demanded that George, Monica's African American boyfriend, who was the operator of the boat, show him where the required "orange box" was located on the vessel; reviewed safety features that Monica learned

*Plaintiff's Original Complaint*                                                                                                                                       3

in the training; began counting Monica's guests on the vessel even though Monica assured him that she was in compliance. Monica had never seen Hearne doing this to white boat club members. Hearne persisted with a barrage of unnecessary condescending conversations for about 13 minutes. Monica and her guest felt very uncomfortable and upset with the way in which Hearne engaged her group.

16. Less than an hour after this incident Monica contacted Mr. Hearne and attempted to talk with him about what transpired, but Mr. Hearne declined and stated he would speak with Monica later. However, Monica explained to Hearne that she and her guest were very offended by the way Hearne talked to them. Hearne then told Monica aggressively that he does not give a shit about how her guest feels.

17. Monica has seen no white boat members or guests treated in this manner.

18. Monica contacted the main corporate office of Freedom Boat Club in Florida.

19. Around October 7, 2020 Freedom Boat Club instructed Monica to use her reciprocity contract rights and use the Freedom Boat Club in Houston and not to use the Galveston Freedom Boat Club.

20. After these events several Freedom Boat Club employees informed Monica that Mr. Hearne is a racist and uses the N-word frequently. One or more stated that Mr. Hearne likely harassed Monica's guest because he was African American.

21. Prior to September 6, 2020 an African American boating group had left a bag of nice clothes on a boat which Hearne referred to as "smelly n#$%@r shit."

22. Once when confronted for using the N-word Hearne, who formally worked on an ambulance, stated "I pumped on Negros' chests for 32 years. If anyone can say that word it's me."

23. After Hearne learned of Monica's complaints he then began to plot to make up a story that Monica disobeyed club rules and referred to her as a Negro. Hearne stated to one of his staff that he didn't want "those gangbangers and riff raff on his boats" when there are no gang members nor anyone who can reasonably be referred to as "riff raff" in Monica's boat guest groups.

24. These events have caused Monica great sadness, shame, anxiety, fear, lost sleep, stomach pain, headaches, and additional mental anguish.

## CAUSE OF ACTION - 42 U.S.C. § 1981

25. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

26. Defendants intentionally or consciously engaged in the aforementioned conduct in violation of 42 U.S.C. § 1981.

27. Plaintiff is (1) a member of a racial minority; (2) there was an intent to discriminate against her on the basis of race by Defendants; and (3) the discrimination concerns one or more of the activities enumerated in 42 USC § 1981 including, but not limited to, the right to make and enforce contracts on the same basis as white citizens.

28. Defendants are directly and/or vicariously liable for the acts of its employees identified in this suit.

## CAUSE OF ACTION - 42 U.S.C. § 2000a to a(6)

29. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

30. Defendant intentionally and/or consciously engaged in the aforementioned conduct, policies, and customs in violation of 42 U.S.C. § 2000a to a(6).

31. Plaintiff is (1) a member of a racial minority; (2) there was an intent to discriminate against her on the basis of race by Defendants; and (3) the discrimination occurred at a public accommodation – specifically, that Plaintiff was discriminated against by being prevented from utilizing her contract rights under the Freedom Boat Club contract.

## NEGLIGENCE

32. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein

33. Pleading in the alternative that Defendants had a duty to use ordinary care in its training, hiring, and supervision of their employee. Defendants breached that duty causing Plaintiff damages.

## CAUSE OF ACTION – TEXAS CONSTITUTION and LAW

34. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

35. Defendant intentionally and/or consciously discriminated against Plaintiff on the basis of race and, as such, violated Section 3a of the Texas Constitution. Defendants are liable by way of its policies and practices, as well as being directly liable for the conduct of its employees for the racial discrimination detailed above.

## UNCONSCIONABLE CONDUCT

36. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

37. Defendants engaged in unconscionable conduct by way of its policies and practices, as well as being directly liable for the unconscionable conduct of its employees, for the racial discrimination detailed above.

## JURY TRIAL

38. Plaintiff requests a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court:

    A. Enter judgment for the plaintiff and against the defendants holding them jointly and severally liable;

    B. Find that Plaintiff is the prevailing party in this case and award attorneys' fees and costs, pursuant to federal law, as noted against all defendants;

    C. Award damages to Plaintiff for the violations of his Constitutional rights;

    D. Award Pre- and post-judgement interest;

    E. Award Punitive damages against defendants,

    F. Order the Defendants to prevent Hearne from harassing Monica and her guests and that Monica may use her contract rights at the Galveston Freedom Boat Club, and

    F. Grant such other and further relief as appears reasonable and just, to which plaintiff shows herself entitled.

    Respectfully Submitted,
    Kallinen Law PLLC

    */s/ Randall L. Kallinen*
    Randall L. Kallinen
    State Bar of Texas No. 00790995
    Southern District of Texas Bar No.: 19417
    511 Broadway Street
    Houston, Texas 77012
    Telephone:    713.783.2677
    FAX:    713.893.6737
    E-mail:    AttorneyKallinen@aol.com
    Attorney for Plaintiff